| Attorney or Party Name Address Telephone & FAX Nos State Bar No & Email Address | FOR COURT USE ONLY |
|---|---|
| Gary Leibowitz, SBN 91670<br>Daniel Leibowitz, SBN 258466<br>Leibowitz Law Group<br>4050 Katella Ave., Ste 201<br>Los Alamitos, CA 90720<br>Tel: (562) 430-6002; Fax: (562) 430-8187<br>Email: AttorneyGary@gmail.com<br><br><br>☑ *Attorney for Plaintiff(s)*<br>☐ Plaintiff(s) *appearing without attorney* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -Los Angeles_____ DIVISION

| In re: Evelyn Galindo<br><br>Debtor(s). | CASE NO : 2:10-bk-41000-EC<br><br>CHAPTER 13<br><br>ADVERSARY NO : 2:10-ap-02733-EC |
|---|---|
| Evelyn Galindo<br><br>Plaintiff(s),<br><br>vs.<br><br>Bank of America<br><br>Defendant | **DEBTOR'S MOTION FOR DEFAULT JUDGMENT RE COMPLAINT TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE [11 U.S.C. § 506(a),(d), FRBP 3012]**<br><br>DATE: 1/28/11<br>TIME: 3:00 p.m.<br>COURTROOM: 1639<br>PLACE: 255 East Temple Street<br>Los Angeles, CA 90012 |

NAME OF CREDITOR HOLDING JUNIOR LIEN: Bank of America_____

1. Name of Defendant(s) against whom default judgment is sought: Bank of America_____ (hereinafter, "Defendant").

2. Plaintiff(s) filed the Complaint in the above-captioned proceeding on 9/23/10_____.

3. The Summons and Complaint were served on Defendant by ☐ Personal Service ☑ Mail Service on the following date 10/5/10_____.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

October 2010                                    Page 1                            **F 4003-2.5.DEFAULT.MOTION**

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an answer or other response expired on _10/29/10_____.

6. No answer or other response has been filed or served by Defendant.

7. The default of Defendant:

    a. ☐ Has not yet been entered, but is hereby requested

    b. ☑ Was Entered on _12/20/10_____.

**8. A Status Conference:**

    a. ☑ Is scheduled for _1/26/11 at 2:00 p.m. in Courtroom 1639_____
                           *Specify date, time, and place*

    b. ☐ Was held on _____.
                           *Specify date, time, and place*

9. ☑ **DECLARATION OF NON-MILITARY STATUS:** No defendant named in Paragraph 1 above is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594). The undersigned declares under penalty of perjury that this statement of defendant's non-military status is true and correct and is made under penalty of perjury under the laws of the United States of America based upon the undersigned's review of said Defendant's Statement of Affairs and Statement of Income and Expenditures filed in this case and is based upon the undersigned's lack of any information or belief that there has been any change of circumstances as to the defendant's non-military status.

10. ☑ Defaulting party is **not an infant** or **incompetent** party.

11. **Property at Issue:**

Plaintiff moves to avoid the junior deed of trust, mortgage or other encumbrance (hereinafter, "Junior lien") encumbering the following real property ("Property"), which is principal residence of Plaintiff(s):

    *Street Address:* _13314 Dittmar Dr._____
    *Unit Number:* _____
    *City, State, Zip Code:* _Whittier, CA 90602_____

Legal description or document recording number (including county of recording):

    ☐ See attached page

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

October 2010                                        Page 2                      **F 4003-2.5.DEFAULT.MOTION**

12. **Grounds for Determining Unsecured Status and Avoidance of Junior Lien:**

    a. As of $310,000 _____, the Property is subject to the following liens in the amounts specified securing the debt against the Property, which the debtor seeks to have treated as indicated:

        Bank of America _____ in the amount of $ 420,998.58 _____

        i. Bank of America _____ in the amount of $ 82,539.71 _____ ☑ is ☐ is not  to be avoided;

        ii. _____ in the amount of $ _____ ☐ is ☐ is not  to be avoided;

        ☐ See attached page for additional lien(s)

    b. As of 7/27/10 _____, Property is worth no more than $ 310,000.00 _____ .

    c. As a result, Defendant's claim related to the Junior lien on the Property is ☐ wholly  ☐ partially unsecured.

13. **Evidence in Support of Motion:**

    a. ☑ The amount of the 1st lien identified in paragraph 12(a)(i) is based on Bank of America Billing Statement Dated 6/10/10 _____ attached hereto and identified as Exhibit 1

    b. ☑ The amount of the 2nd lien identified in paragraph 12(a)(ii) is based on Proof of Claim 8-1 _____ attached hereto and identified as Exhibit 2

    c. ☐ The amount of the 3rd lien identified in paragraph 12(a)(iii) is based on _____ , attached hereto and identified as Exhibit _____

    d. ☑ The relative priority of the liens encumbering the Property is established by evidence attached as Exhibit 3

    e. ☑ The value of the Property from paragraph 3(b) is based on Appraisal Report and supporting declaration of licensed appraiser Scott Fredrick _____ attached as Exhibit 4 :

    f. ☑ Plaintiff submits the attached Declaration

    g. ☐ Other evidence *(specify):* _____

14. **WHEREFORE, Plaintiff prays that this Court issue an Order granting the following relief:**

    a. That the Property is valued at no more than $ 310,000.00 _____
       That Defendant's claim related to the Junior lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim

    b. The avoidance of Defendant's Junior lien is contingent upon ☑ Debtor's completion of the chapter 13 plan, or ☑ Debtor's receipt of a chapter 13 discharge

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                Page 3                        **F 4003-2.5.DEFAULT.MOTION**

c    The Defendant shall retain its lien in the junior position for the full amount due under the corresponding note and lien in the event of either the dismissal of Debtor's chapter 13 case, the conversion of Debtor's chapter 13 case to any other chapter under the United States Bankruptcy Code, or if the Property is sold or refinanced prior to:

      ☑ Debtor's completion of the chapter 13 plan, or
      ☐ Debtor's receipt of a chapter 13 discharge

d    In the event that the holder of the first position lien or any senior lien on the Property forecloses on its interest and extinguishes Defendant's lien rights prior to:  ☑ Debtor's completion of the chapter 13 plan, or ☑ Debtor's receipt of a chapter 13 discharge, Defendant's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale

e    ☐ See attached continuation page for additional provisions

Dated: 1/4/11

Respectfully submitted,

By: _____
      *Signature of Plaintiff or Attorney for Plaintiff*

Name: Gary Leibowitz
      *Type Name of Plaintiff or Attorney for Plaintiff*

This form is optional  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010               Page 4          **F 4003-2.5.DEFAULT.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as **DEBTOR'S MOTION FOR DEFAULT JUDGMENT RE COMPLAINT TO AVOID JUNIOR LIEN ON PRINCIPAL RESIDENCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

4050 Katella Ave., Ste 201
Los Alamitos, CA 90720

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document  On 1/4/11_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
United States Trustee, ustpregion16.la.ecf@usdoj.gov
Chapter 13 Trustee, Kathy A. Dockery, efiling@CH13LA.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On 1/4/11_____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/4/11_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
The Honorable Ellen Carroll

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/4/11 | Daniel Leibowitz | |
|---|---|---|
| Date | Type Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                                      Page 5                      **F 4003-2.5.DEFAULT.MOTION**

**II. SERVED BY U.S. MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
*(Attached page to Proof of Service-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank )*

| Name of 1st Name of 1st Lien Holder & Address<br>Attn: Officer or Managing Agent<br>Bank of America, a National Association<br>101 S. Tyron St.<br>Charlotte, NC 28255 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7005 2570 0000 2648 6965<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
|---|---|---|
| Name of 1st Lien Holder- Agent for Service of Process<br>Bank of America, a National Association<br>C/O CT Corporation System<br>818 W 7th St.<br>Los Angeles, CA 90017 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7005 2570 0000 2648 6989<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 1st Lien Holder – Servicing Agent | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking #_____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

| Name of 2nd Lien Holder & Address<br>Attn: Officer or Managing Agent<br>Bank of America, a National Association<br>101 S. Tyron St.<br>Charlotte, NC 28255 | Address from:<br>☐ Proof of claim ☑ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7005 2570 0000 2648 6965<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
|---|---|---|
| Name of 2nd Lien Holder- Agent for Service of Process<br>Bank of America, a National Association<br>C/O CT Corporation System<br>818 W 7th St.<br>Los Angeles, CA 90017 | Address from:<br>☐ Proof of claim ☑ Secretary of State<br>☐ FDIC website ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7005 2570 0000 2648 6989<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 2nd Lien Holder – Servicing Agent<br>Attn: Officer or Managing Agent<br>BAC Home Loans Servicing<br>450 American St.<br>Simi Valley, CA 93065 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☑ Other: *specify*<br><br>Credit Report | Delivery Method<br>☐ US Mail<br>☑ Certified mail –<br>   Tracking # 7005 2570 0000 2648 6972<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

October 2010            Page 6            **F 4003-2.5.DEFAULT.MOTION**

| Name of 3rd Lien Holder & Address | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 3rd Lien Holder- Agent for Service of Process | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Name of 3rd Lien Holder – Servicing Agent | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

| Alternative/Additional Address | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |
| Alternative/Additional Address | Address from:<br>☐ Proof of claim  ☐ Secretary of State<br>☐ FDIC website  ☐ Other: *specify* | Delivery Method<br>☐ US Mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking #_____<br>   Carrier Name: _____ |

This form is optional   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2010                               Page 7                    **F 4003-2.5.DEFAULT.MOTION**

## Complaint/Summons:

*3 @ 6.32 = 18.96*

2:10-ap-02733-EC Galindo v. Bank of America, NA c/o CT Corporation System

Type: ap                     Office: 2 (Los Angeles)          Judge: EC
Lead Case: 2-10-bk-41000     Case Flag: NoFeeRequired

**U.S. Bankruptcy Court**

**Central District Of California**

Notice of Electronic Filing

The following transaction was received from Leibowitz, Gary entered on 10/5/2010 at 10:48 AM PDT and
filed on 10/5/2010

**Case Name:**        Galindo v. Bank of America, NA c/o CT Corporation System
**Case Number:**      2:10-ap-02733-EC
**Document Number:** 4

**Docket Text:**
Summons Service Executed on Bank of America, NA c/o CT Corporation System 10/5/2010 (Leibowitz,
Gary)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\GALINDO - SUMMONS SERVICE EXECUTED.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/5/2010] [FileNumber=38809666-
0] [693a1fa3458c89be839f8d0a5cc3147444f6fa1ad9ff400ce64a637e19c83f7890
b026253252de65812c6c01dce726180b99848130839873900927d44c6d401c]]

**2:10-ap-02733-EC Notice will be electronically mailed to:**

Kathy A Dockery (TR)
efiling@CH13LA.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:10-ap-02733-EC Notice will not be electronically mailed to:**

Bank of America, NA c/o CT Corporation System
818 W 7th St
Los Angeles, CA 90017

Evelyn Galindo
13314 Dittmar Dr.
Whittier, CA 90602

| Attorney or Party Name  Address, Telephone & FAX Numbers  and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Gary Leibowitz (SBN 91670)<br>4050 Katella Ave , Ste 201<br>Los Alamitos, CA 90720<br>Telephone: 562-430-6002<br>Facsimile: 562-430-8187<br><br>*Attorney for Plaintiff* EVELYN GALINDO | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>   EVELYN GALINDO,<br><br>Debtor. | CHAPTER 13<br><br>CASE NUMBER  2:10-bk-41000-EC<br><br>ADVERSARY NUMBER  2:10-ap-02733-EC |
|---|---|
| EVELYN GALINDO,<br><br>Plaintiff(s),<br><br>vs<br><br>BANK OF AMERICA, N.A.<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____ 10-28-2010 _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** 01/26/2011 | **Time:** 2:00 PM | **Courtroom:** 1639 | **Floor:** 16TH |
|---|---|---|---|

☒  **255 East Temple Street, Los Angeles**          ☐  **411 West Fourth Street, Santa Ana**

☐  **21041 Burbank Boulevard, Woodland Hills**    ☐  **1415 State Street, Santa Barbara**

☐  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: 09/28/10 _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
         *Deputy Clerk*

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California
February 2010 (COV-S4)                                                                                                    F 7004-1

| In re: Galindo, Evelyn | CHAPTER 13 |
|---|---|
| Debtor(s) | CASE NUMBER: 2:10-bk-41000-EC |
| | ADVERSARY NUMBER: 2:10-ap-02733-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4050 Katella Avenue, Suite 201, Los Alamitos, CA 90720

A true and correct copy of the foregoing document described **SUMMONS AND NOTICE OF STATUS CONFERENCE, SCHEDULING ORDER, AND COPY OF COMPLAINT TO AVOID THE LIEN OF SECOND DEED OF TRUST HOLDER, BANK OF AMERICA, NA.** Thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/5/2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Kathy A. Dockery     efiling@CH13LA com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **10/5/2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R Civ.P. 5 and/or controlling LBR, on **10/5/2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed

The Honorable Ellen Carroll

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| 10/5/10 | Ana Leonor Bustillos | _(signature)_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

Page 10

| In re: Galindo, Evelyn | CHAPTER 13 |
| --- | --- |
| Debtor(s) | CASE NUMBER: 2:10-bk-41000-EC |
| | ADVERSARY NUMBER: 2:10-ap-02733-EC |

## ADDITIONAL SERVICE INFORMATION (if needed)

Served Via Certified Return Receipt

Bank of America, National Association
101 S Tyron St
Charlotte, NC 28255

Bank of America, National Association
CT Corporation System, Agent for Service of Process
818 W 7th St
Los Angeles, CA 90017

BAC Home Loan Servicing
450 American Street
Simi Valley, CA 93065

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

9013-3

Page 11

# DECLARATION OF EVELYN GALINDO

## DECLARATION OF EVELYN GALINDO

I, Evelyn Galindo, hereby declare that I have personal knowledge of the facts set forth herein, and if called upon as witnesses, I could and would testify competently thereto.

1.    I am a Debtor/Plaintiff in the instant bankruptcy Adversary proceeding, case number 8:10-ap-02733-EC.

2.    At the time of filing bankruptcy I resided in real property located at 13314 Dittmar Dr., Whittier, CA 90602 (hereinafter "the Property").  I continue to reside in the Property.

3.    The balance due and owing on our First Deed of Trust is as of the petition date was $420,998.58.  A true and correct copy of a Bank of America Billing Statement Dated 6/10/10 is attached hereto as **"Exhibit 1."**  The statement indicates that there is a principal balance of $303,714.75 and fees of $117,283.83 for a total balance of $420,998.58.

4.    The balance due and owing on the Second Deed of Trust is $82,539.71.  A true and correct copy of the Proof of Claim 8-1 filed by Bank of America is attached hereto as **"Exhibit 2."**

5.    A true and correct copy of the First Deed of Trust to the Property held by Countrywide Home Loans, Inc. is attached hereto as **"Exhibit 3-1."**

///

6.     A true and correct copy of the Second Deed of Trust to the Property held by Countrywide Home Loans, Inc. is attached hereto as **"Exhibit 3-2."**

7.     Bank of America is the successor in interest to Countrywide Home Loans, Inc. BAC Home Loans Servicing is the servicer for Bank of America, NA and is a wholly owned subsidiary of Bank of America, NA.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed on December 29, 2010 at Whittier, California.

Evelyn Galindo

# DECLARATION OF SCOTT FREDRICK

## DECLARATION OF SCOTT FREDRICK

I, Scott Fredrick, a licensed appraiser, hereby declare that I have personal knowledge of the facts set forth herein, and if called upon as a witness, I could and would testify competently thereto:

1.    On or about November 22, 2009, I appraised real property located at 13314 Dittmar Dr., Whittier, CA (hereinafter "the Property").

2.    Pursuant to my appraisal, the value of the Property on or about November 22, 2009 was $310,000.00.  The attached "Exhibit 4" is a true and correct copy of my appraisal of the Property.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration was executed on December 29, 2010 in Diamond Bar, California.

Scott Fredrick

**EXHIBIT 1**

**EXHIBIT 1**

Bank of America
Home Loans



0 0 4 4 9 3 1 01 AT 0 354 ***AUTO  T1 0 0665 90602-3319
MSR CC AG 0000 ---0--2-- M21838 IN 1 P45019
EVELYN & ARMANDO GALINDO
13314 Dittmar Dr
Whittier CA 90602-3319

## Subtract the paper. Add up the benefits.

Tired of writing checks, licking envelopes, and mailing payments every month?
**Use MortgagePay on the Web** through BAC Home Loans Servicing LP and enjoy the:

- **SPEED** of paying online
- **CONVENIENCE** of a one time set up
- **FLEXIBILITY** to schedule a payment up to 30 days in advance

### Get started today!

1. Go to **www.bankofamerica.com**
2. Access your existing account or set up a new account
3. Click on the View Option for your mortgage account
4. Select Pay Now to access **MortgagePay on the Web**

| HOME LOAN SUMMARY | Home loan overview as of 06/10/2010 | | Amount due on 07/01/2010 as of 06/10/2010 | |
|---|---|---|---|---|
| | Principal balance | $303,714 75 | Home loan payment due 07/01/2010 | $1 542 41 |
| | Escrow balance | $849 18 | (see next page for account details) | |
| | Late Charge if payment received after 07/16/2010 | $46 11 | | |
| | *Date* | *Payments received* | | |
| | 06/10/2010 | $1,368.05 | | |

| DID YOU KNOW? | Want more flexibility? BAC Home Loans Servicing LP online payment service MortgagePay on the Web allows you to make your payments around the clock Visit www bankofamerica com and check out the demo to see just how easy it is |
|---|---|

Calls may be monitored or recorded to ensure quality service We may charge you a fee (of up to $40 00) for any payment returned or rejected by your financial institution subject to applicable law

**BAC Home Loans Servicing LP is required by law to inform you that this communication is from a debt collector.**

| Account number   **179406407**   (9) | Payment due **July 1, 2010** | ***$1,542.41** |
|---|---|---|
| Evelyn & Armando Galindo | After July 16, 2010 late payment | * **$1,588.52** |
| 13314 Dittmar Dr. | *Payment amount includes late charges See Home Loan Details for breakdown* | |
| Whittier CA 90602 | | |

Additional Principal

SEE OTHER SIDE FOR IMPORTANT INFORMATION      0685

Additional Escrow

BAC Home Loans Servicing LP
PO BOX 515503
LOS ANGELES CA 90051-6803

Check total

17940640790000015424100015 8852

⑈586990058⑆28406407⑈

**EXHIBIT 1**

**HOME LOAN DETAILS**

| Monthly payment breakdown as of 06/10/2010 | | Loan type and term | |
|---|---|---|---|
| Principal and/or interest payment | $922.29 | Loan type | Conv Adj Rate Mtge |
| Escrow payment amount | 424.59 | Contractual remaining term | 39 Years, 10 Months |
| Outstanding late charges | 195.53 | Interest rate | 2.000% |
| Fees due | 117,283.83 | | |
| **Total monthly home loan payment** | **$1,542.41** | | |

**Escrow account expenses**

*We are responsible for the payment of the following escrow items with the exception of the items marked with an asterisk (*).*
*The payment of the items marked with an asterisk (*) is the responsibility of the homeowner.*

| Description | Payee | Policy number/Tax ID | Frequency | Next due date | Amount due |
|---|---|---|---|---|---|
| County taxes | Los Angeles County Tax Collect | 8165032002 | Annual | 03/31/2011 | 2,253.52 |
| Homeowners insurance | Pacific Specialty Insurance | WNG02834480201 | Annual | 09/18/2010 | 588.00 |
| County taxes | Los Angeles County Tax Collect | 8165032002 | Annual | 11/30/2010 | 2,253.52 |

**Home loan activity since your last statement**

| Date | Description | Principal | Interest | Additional principal reduction | Escrow | Total |
|---|---|---|---|---|---|---|
| 05/19/2010 | Misc posting | | | | 1,365.53 | 1,365.53 |
| 06/10/2010 | June payment | $415.37 | 506.92 | | 424.59 | 1,346.88 |
| 06/10/2010 | Misc posting | | | 21.17 | | 21.17 |
| | **Ending balance** | **$303,714.75** | | | **$849.18** | |

**NOTE: The ending balance is probably not the same as the amount to payoff your loan. For payoff information, you may use our 24-hour automated information system at 1.800.669.5833.



**TO CONTACT US**

**CREDIT REPORTING NOTICE**
We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.

**For up-to-the-minute information about the account,** use our 24-hour automated information system. To ask us about this statement or account information, call **1.866.653.6183,** Mon - Fri 8am to 9pm Eastern Time. Calls may be monitored and/or recorded for service quality purposes. Se habla español. 1.800.295.0025 TDD 1.800.300.6407
**Please have the account number available when you call.**

Or write to us at:
The address for general inquiries and all RESPA Qualified Written Requests is:
BAC Home Loans Servicing, LP, Attn:

Customer Service, CA6-919-01-41, P O Box 5170, Simi Valley, CA 93062-5170

Tax Dept CA6-913-LB-01, PO Box 10211, Van Nuys, CA 91410-0211
Insurance Dept., TX2-977-01-03, PO Box 961206, Fort Worth, TX 76161-0206
Payments, Attn: Remittance Processing PO Box 515503, Los Angeles, CA 90051-6803
*Overnight deliveries LADC Retail Payment Services, CA9-705-09-31, 1000 W Temple Street, Los Angeles, CA 90012-1514
Our website www.bankofamerica.com
Your account information is available in Spanish on the site mentioned above
*The facility at this address does not accept walk-up payments, it accepts overnight mail only. Payments can be made by Phone, Online, Mail, or at Bank of America Banking Centers


Bank of America, N.A. Member FDIC. Bank of America, N.A. and BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. are Equal Housing Lenders. © 2010 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.

Account Number **179406407**
E-mail use: Providing your e-mail address(es) below will allow us to send you information on your account
Evelyn & Armando Galindo
E-mail address

How we post your payment: All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited or limited by law. If you submit an amount in addition to your scheduled monthly amount, we will apply your payments as follows: (i) to outstanding monthly payments of principal and interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan. Please specify if you want an additional amount applied to future payments, rather than principal reduction.
Postdated checks will be processed on the date received unless a loan counselor agrees to honor the date written on the check as a condition of a repayment plan. Payments by phone received by 6:00 PM Pacific Time on a business day will be effective the same day. Payments by phone received after 6:00 PM Pacific Time or on a nonbusiness day/holiday will be applied to your account no later than the next business day.

For all full month payment periods, interest is calculated on a monthly basis. Accordingly, interest for all full months, including February, is calculated as 30/360 of annual interest irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.

E-mail address

**EXHIBIT 1**

**EXHIBIT 2**

**EXHIBIT 2**

B10 (Official Form 10) (04/10) Page 1

| UNITED STATES BANKRUPTCY COURT____Central____DISTRICT OF California____ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Evelyn Galindo | Case Number:<br>2:10-bk-41000-EC |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>BAC Home Loans Servicing, LP | ☐ Check this box to indicate that this claim amends a previously filed claim |
|---|---|
| Name and address where notices should be sent:<br>BAC Home Loans Servicing LP<br>Bankruptcy Department<br>Mail Stop: CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065<br>Telephone number: (818) 251-7780 | Court Claim Number:_____<br>(If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>BAC Home Loan Servicing LP<br>Bankruptcy Department<br>Mail Stop: TX2-982-03-03<br>7105 Corporate Drive<br>Plano, TX 75024-0000<br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| 1. Amount of Claim as of Date Case Filed:    $_____82,539.71_____ | 5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
|---|---|

If all or part of your claim is secured  complete item 4 below; however  if all of your claim is unsecured  do not complete item 4

If all or part of your claim is entitled to priority  complete item 5

Specify the priority of the claim

✕ Check this box if claim includes interest or other charges in addition to the principle amount of claim Attach Itemized statement of interest of charges.

☐ Domestic support obligations under 11 U S C §507(a)(1)(A) or (a)(1)(B)

| 2. Basis for Claim:_____Note Dated 9/10/07_____<br>(See instruction #2 on reverse side ) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or Cessation of the debtor's business, whichever is earlier – 11 U S C §507 (a)(4) |
|---|---|

| 3. Last four digits of any number by which creditor identifies debtor:__6415__    ( C.094-16636 )<br>3a. Debtor may have scheduled account as:___BAC Home Loans Servici__<br>(See instruction #3a on reverse side ) | ☐ Contributions to  an employee benefit plan - 11 U S C §507 (a)(5) |
|---|---|

4. **Secured Claim:** (See instruction #4 on reverse side )

Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

| **Nature of property or right of setoff:**  ☒ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe: 13314 Dittmar Drive  Whittier, California | ☐ Up to  $2,600*  of deposits toward purchase lease  or rental of property or services  for  personal,  family  or households use - 11 U S C §507 (a)(7) |
|---|---|

Value or Property:$_____    Annual Interest Rate_____%

Amount of arrearage and other charges as of time case filed included in secured claim,

| If any: $_____6,066.80_____    Basis for perfection: __Note and Deed of Trust__ | ☐ Taxes or penalties owed to governmental units - 11 U S C §507 (a)(8) |
|---|---|

| Amount of Secured Claim: $_____82,539.71_____    Amount Unsecured: $_____ | ☐ Other – Specify applicable paragraph of 11 U S C §507 (a)(___) |
|---|---|

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**Amount entitled to priority:**

$_____

7. **Documents:** Attach redacted copies of any documents that support the claim  such as promissory notes, purchase orders, invoices  itemized statements or running accounts, contracts, judgments, mortgages, and security agreements  You may also attach a summary  Attach redacted copies of documents providing evidence of perfection of a security interest  You may also attach a summary   (See instruction 7 and definition of 'redacted' on reverse side )

*Amounts  are  subject  to  adjustment on 4/10/13 and every 3 years  thereafter with respect  to  cases commenced on or  after the date of adjustment

DO NOT SEND ORIGINAL DOCUMENTS  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING

If the documents are not available, please explain:

| Date:<br>11/29/10 | **Signature:** The person filing this claim must sign it  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney if any | **FOR COURT USE ONLY** |
|---|---|---|
| | **Prober & Raphael, A Law Corporation /s/ Sarah Breitzman** | |

*Penalty for presenting fraudulent claim: Fine of up to $500 000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571*

EXHIBIT 2

Case Name: Evelyn Galindo

Unpaid Principal Balance:                                    $ 76,472.91

Reinstatement:

Monthly Payments from September 1, 2009 through July 1, 2010 at $541.68          $ 5,958.48
Accrued Late Charges                                                            $ 108.32

   Total Reinstatement                                          $ 6,066.80

"TOTAL UNPAID PRINCIPAL PLUS REINSTATEMENT"          $ 82,539.71

**Post-petition, pre-confirmation fees have and/or will be incurred by secured creditor in connection with this bankruptcy proceeding for the preparation and filing of this POC and for the review and/or Objection of any Plan. This amount has not been included in the arrearage claim to be paid by the trustee but will be added to the subject loan. The fee will be added to an Amended Proof of Claim upon request and if permitted by the terms of the underlying agreement and applicable law.**

**IF LEGAL FEES AND COSTS ARE INCURRED AFTER THIS PROOF OF CLAIM IS FILED, YOUR ACCOUNT WILL BE ASSESSED THOSE FEES AND COSTS IF LEGALLY PERMISSIBLE IN THE OPINION OF THE LENDER. IF SUCH FEES AND COSTS ARE NOT PAID AS PART OF THIS CASE, THEY MAY BE COLLECTED IN THE FUTURE PURSUANT TO THE TERMS OF YOUR SECURITY INSTRUMENT, THE BANKRUPTCY CODE, AND OTHER APPLICABLE LAW.**

PROBER & RAPHAEL
ATTORNEYS FOR SECURED
CREDITOR
P.O. Box 4365
Woodland Hills, CA 91365-4365
(818) 227-0100

EXHIBIT 2

## SPECIAL NOTICE

## THE FOLLOWING NOTICE IS GIVEN TO YOU IN THE EVENT THAT THE FEDERAL FAIR DEBT COLLECTIONS ACT APPLIES TO THIS COMMUNICATION.

The following statement provides you with notice of certain rights which you may have by law. <u>Nothing in this statement modifies or changes the hearing date or response time specified in the attached documents</u> or your need to take legal action to protect your rights in this matter. No provision of the following statement modifies or removes your need to comply with local rules concerning the attached documents.

## CONSUMER DISCLOSURE

This communication is made in an attempt to collect on a debt or judgment and any information obtained will be used for that purpose.

Please be advised that if you notify BAC Home Loans Servicing, LP's attorneys within 30 days that all or a part of your obligation or judgment to BAC Home Loans Servicing, LP    is disputed, then BAC Home Loans Servicing, LP's attorneys will mail to you a written verification of the obligations or judgment and the amounts owed to BAC Home Loans Servicing, LP    In addition and upon your request within 30 days, you will be provided with the name and address of the original creditor, if different from the current creditor.

**EXHIBIT 2**

**The Gold Delta SkyMiles® Credit Card**

APAPORN MILLER
Closing Date 07/14/10

**▲ DELTA**          p. 3/4

Account Ending 8-11003

## Payments and Credits

### Summary

| | Total |
|---|---|
| Payments | -$1,300.00 |
| Credits | $0.00 |
| Total Payments and Credits | -$1,300.00 |

### Detail    *indicates posting date

| Payments | | Amount |
|---|---|---|
| 07/03/10*    APAPORN MILLER | PHONE PAYMENT - THANK YOU | -$1,300.00 |

## Fees

| | Amount |
|---|---|
| Total Fees for this Period | $0.00 |

## Interest Charged

| | Amount |
|---|---|
| Total Interest Charged for this Period | $0.00 |

## 2010 Fees and Interest Totals Year-to-Date

| | Amount |
|---|---|
| Total Fees in 2010 | $0.00 |
| Total Interest in 2010 | $0.00 |
| Includes fees and interest charged for billing periods with closing dates on or after June 25, 2010. | |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 27.24% (v) | $0.00 | $0.00 |
| Cash Advances | 27.24% (v) | $0.00 | $0.00 |
| Total | | | $0.00 |
| (v) Variable Rate | | | |

**▲ DELTA**

| | Current Period | Year to Date | SkyMiles® Account Number: 2811123882 |
|---|---|---|---|
| Total Miles Earned | 0 | 5,157 | |
| Miles Earned for Eligible Spend | 0 | 157 | |
| Total Bonus Miles Earned | 0 | 5,000 | |

Continued on reverse

**EXHIBIT 2**

| In re:  Evelyn Galindo | CHAPTER        13 |
|---|---|
| Debtor(s) | CASE NUMBER 2:10-bk-41000-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Prober & Raphael, A Law Corporation
20750 Ventura Blvd  suite 100, Woodland Hills, CA  91364

The foregoing document described  PROOF OF CLAIM
_____ will be served or was served **(a)** on the judge in
chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document  On  11/29/10_____ I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission
at the email address(es) indicated below:
Kathy A Dockery (TR) efiling@CH13LA com
Carol E Hardy dgarcia@portfoliorecovery com
Gary Leibowitz attorneygary@gmail com
United States Trustee (LA) ustpregion16 la ecf@usdoj gov

DAVID F MAKKABI      cmartin@pprlaw net         ☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On  12/2/10_____ I served the following person(s) and/or entity(ies) at the last known
address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as
follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.*

                                                                    ☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R Civ P  5 and/or controlling LBR, on_____ I served the following
person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by
facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on
the judge will be completed no later than 24 hours after the document is filed.*

                                                                    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/2/10 | Danielle Seth-Hunter | /s/ Danielle Seth-Hunter |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California

*January 2009*                                                                **F 9013-3.1**

**EXHIBIT 2**

SERVICE LIST

Evelyn Galindo
13314 Dittmar Dr.
Whittier, CA 90602

Gary Leibowitz, Esquire
4050 Katella Avenue, Suite 201
Los Alamitos, CA 90720

Kathy A. Dockery, Trustee
700 S  Flower Street, Ste 1950
Los Angeles, CA  90017

EXHIBIT 2

Prepared by: DENISE HOUSTON

**Countrywide Bank, FSB.**

DATE:    09/10/2007
CASE #:
DOC ID #: ........................
BORROWER: EVELYN GALINDO
PROPERTY ADDRESS: 13314 DITTMAR DR
            WHITTIER, CA 90602

Branch #: 0001271
70 S LAKE ST, SUITE 800
PASADENA, CA 91101
Phone: (626)304-8700
Br Fax No : (626)432-6015

## LEGAL DESCRIPTION EXHIBIT A

Lot 2 of Tract No. 18109, in the City of Whittier, County of Los Angeles, State of California, as per map recorded in book 446, pages 24 and 25 of Maps, in the office of the County Recorder of said County.

FHA/VA/CONV
• Legal Description Exhibit A
1C404-XX (04/03)(d)


* 2 3 9 9 1 *



**EXHIBIT 2**

Recording Requested By:
**ORANGE COAST TITLE**

09/14/07

**20072122956**

Recording Requested By:
N  WILLIAMS

Return To:
COUNTRYWIDE HOME LOANS, INC.

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
DENISE HOUSTON    *971304-01*

34999RM
[Escrow/Closing #]                                    [Doc ID #]

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

MIN

THIS DEED OF TRUST is made this TENTH            day of SEPTEMBER, 2007 , among the Trustor,
EVELYN GALINDO, A SINGLE WOMAN, AND ARMANDO GALINDO, AND MANUELA GALINDO, HUSBAND AND
WIFE, ALL AS JOINT TENANTS

whose address is
654 S MCDONELL AVE, COMMERCE, CA 90022

CALIFORNIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

M Second Deed of Trust-CA                    Page 1 of 7                    Form 3805 Amended 9/99
1076N-CA (04/07)(d/l)



THIS DEED OF TRUST IS A SECOND
AND SUBORDINATE TO A FIRST
DEED OF TRUST RECORDING
CONCURRENTLY HEREWITH.



**EXHIBIT 2**

3

DOC ID #:

(herein "Borrower"),
RECONTRUST COMPANY, N.A.
225 W. HILLCREST DRIVE, MSN: TO-02, THOUSAND OAKS, CA 91360
(herein "Trustee"), and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender,
as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has
an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
Countrywide Bank, FSB.

A FED SVGS BANK                                                                          ("Lender") is

organized and existing under the laws of THE UNITED STATES      , and has an address of
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in the County of
  LOS ANGELES                          , State of California:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number:                                 which has the address of
13314 DITTMAR DR
WHITTIER                          [City], California 90602       [ZIP Code] (herein "Property Address");

    TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall
be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said
property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property." Borrower
understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if
necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to
exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any
action required of Lender including, but not limited to, releasing or canceling this Deed of Trust.

    TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated
SEPTEMBER 10, 2007      and extensions and renewals thereof (herein "Note"), in the principal sum of U.S.
$76,500.00        , with interest thereon, providing for monthly installments of principal and interest, with the balance of
the indebtedness, if not sooner paid, due and payable on  OCTOBER 01, 2017      ; the payment of all other sums, with
interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the
covenants and agreements of Borrower herein contained.
    Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the
Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants
and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    1.   Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness
evidenced by the Note and late charges as provided in the Note.
    2.   Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to
Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum
(herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development
assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of
yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any,

M Second Deed of Trust-CA
1076N-CA (04/07)                          Page 2 of 7                      Form 3805 Amended 9/99

EXHIBIT 2

DOC ID #

all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3.    Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4.    Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5.    Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6.    Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7.    Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

M Second Deed of Trust-CA
1076N-CA (04/07)                                    Page 3 of 7                                    Form 3805 Amended 9/99

EXHIBIT 2

5

DOC ID #:

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8.    Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.    Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

10.    Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11.    Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12.    Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13.    Governing Law; Severability. The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14.    Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

15.    Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16.    Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

EXHIBIT 2

DOC ID #:

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17.  Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18.  Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19.  Assignment of Rents; Appointment of Receiver; Lender in Possession. As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20.  Reconveyance. Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21.  Substitute Trustee. Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

Page 28

EXHIBIT 2

DOC ID #

22.  **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23.  **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____ , in Book _____ , Page _____ , records of  LOS ANGELES _____ County, or filed for record with recorder's serial number _____ ,  LOS ANGELES County, California, executed by
EVELYN GALINDO, A SINGLE WOMAN, AND ARMANDO GALINDO, AND MANUELA GALINDO, HUSBAND AND WIFE, ALL AS JOINT TENANTS

as trustor (or mortgagor) in which

is named as beneficiary (or mortgagee) and

as trustee be mailed to
Countrywide Bank, FSB.
at PO Box 10329, SV-225, Van Nuys, CA 91405

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

State of California
County of Los Angeles
On Sept 10, 2007 _____ , before me Imelda Garcia Notary Public _____ , personally appeared
Evelyn Galindo, Armando Galindo and Manuela Galindo

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

IMELDA GARCIA
Commission # 1748724
Notary Public - California
Los Angeles County
My Comm. Expires Jun 3, 2011

M Second Deed of Trust-CA
1076N-CA (04/07)

Page 6 of 7

Form 3805 Amended 9/99

**EXHIBIT 2**

DOC ID #: (

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____
EVELYN GALINDO                                    - Borrower

_____
ARMANDO GALINDO                                   - Borrower

_____
MANUELA GALINDO                                   - Borrower

_____
                                                  - Borrower

*[Sign Original Only]*

State of California
County of Los Angeles
On Sept. 10, 2007 _____, before me Imelda Garcia, Notary Public
_____, personally appeared
Evelyn Galindo, Armando Galindo and Manuela Galindo
_____, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

IMELDA GARCIA
Commission # 1748724
Notary Public - California
Los Angeles County
My Comm. Expires Jun 3, 2011

Prepared by: DENISE HOUSTON

**Countrywide Bank, FSB.**

DATE:          09/10/2007
BORROWER: EVELYN GALINDO
CASE #:
LOAN #:
PROPERTY ADDRESS: 13314 DITTMAR DR
                  WHITTIER, CA 90602-____

Branch #: 0001271
70 S LAKE ST, SUITE 800
PASADENA, CA 91101
Phone: (626)304-8700
Br Fax No.: (626)432-5015

### INTEREST-ONLY FEATURE DISCLOSURE

This disclosure contains important information about your loan and the interest-only feature. You should read it carefully and keep a copy for your records.

You have applied for a loan that provides for monthly payments of interest-only during the first 10 years, followed by monthly payments of principal and interest for the remaining years of the loan. The interest-only feature on your loan provides you with the following benefits:

* Lower monthly payments during the first 10 year(s) of your loan.
* Potential tax benefits from extra mortgage interest deductions on your loan. Ask your tax advisor for advice on tax implications for you.

During the interest-only period, the monthly payment will not reduce the principal balance that is outstanding on your loan. After the interest-only period, your monthly payment will be higher during the remaining term of the loan to cover principal and interest. Your Amortization Schedule shows the change in your monthly payment after the interest-only period. With the interest-only feature, you will pay more mortgage interest over the life of loan than you would with a 30-year fixed rate mortgage.

If your loan includes mortgage insurance, the interest-only feature may delay the date on which you are eligible to cancel your mortgage insurance.

If you make a partial prepayment during the period when your monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term in which the payments consist only of interest. Prepayment amounts received by the 20th of the month will decrease the payment due the next month. Prepayment amounts received after the 20th will affect the payment due the second month following receipt of the prepayment.

If a partial prepayment is made during the period when your payments consist of principal and interest, the amount of your monthly payment will not decrease; however, the principal and the interest required under the Note will be paid prior to Maturity Date.

I acknowledge that I have read and understand the information about the interest-only feature and voluntarily elect this feature.

If you have questions about this loan program, specialists are available Monday through Friday, 7:00 a.m. - 7:00 p.m. Central, at: 866-882-3281.

_____    9/10/07     _____    9/10/07
Applicant              Date      Applicant              Date

_____    9/10/07     _____    _____
Applicant              Date      Applicant              Date

CONV
* Interest Only Feature Disclosure
2D794-US (04/05)(d)

* 2 3 9 9 1 *

**EXHIBIT 2**

Prepared by: DENISE HOUSTON

**Countrywide Bank, FSB.**

DATE:           09/10/2007
BORROWER:  EVELYN GALINDO
CASE #:
LOAN #:
PROPERTY    ...13314 DITTMAR DR
                    WHITTIER, CA 90602-____

Branch #: 0001271
70 S LAKE ST, SUITE 800
PASADENA, CA 91101
Phone: (626)304-2700
Br Fax No : (626)432-5015

## APPRAISAL DISCLAIMER

Enclosed is a copy of the appraisal report prepared in connection with your application for a mortgage loan.

This appraisal was prepared by an independent professional appraiser for the lender's use in substantiating property value in support of your application. Appraisers must meet certain qualification requirements before their reports will be accepted by the lender; however, a lender's acceptance of an appraiser's reports is not an endorsement of either the appraiser or the appraisal report

An appraisal is not a guarantee of either the value or condition of the property, and the lender assumes no responsibility for the accuracy of the information contained in the appraisal report. Homeowners and homebuyers are advised to procure the services of a structural engineer, house inspection service or contractor to inspect the property for condition and defects.

**Countrywide Bank, FSB.**

By  _____

Date  _____

FHMA/COPY
* APPRAISAL DISCLAIMER
2C274-US (0901)(d)





**EXHIBIT 2**

Prepared by: DENISE HOUSTON                                    Countrywide Bank, FSB.

DATE:           09/10/2007                        Branch #: 0001271
BORROWER:       EVELYN GALINDO                     70 S LAKE ST, SUITE 800
CASE #:                                            PASADENA, CA 91101
LOAN #:                                            Phone: (626)304-8700
PROPERTY ADDRESS:  13314 DITTMAR DR                Br Fax No.: (626)432-6015
                   WHITTIER, CA 90602-____

## DOCUMENT CORRECTION AND FEES DUE AGREEMENT

**AGREEMENT TO CORRECT MISSTATED OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES:** In consideration of Lender disbursing funds for the closing of the Loan secured by the Property being encumbered, and regardless of the reason for any loss, of, misplacement of, inaccuracy in, or failure to sign any Loan documentation, Borrower(s) agrees as follows: If any document is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan, or otherwise missing upon request of the Lender, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary to replace or correct the lost, misplaced, misstated, inaccurate or otherwise missing document(s). If the original promissory note is replaced, the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower(s) agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement. Borrower(s) also agrees that at any time, upon request by Lender, including at the time of loan pay-off, Borrower(s) will supply additional amounts and/or pay to Lender any additional sum previously disclosed to Borrower(s) as a cost or fee associated with the Loan, which for whatever reason was not collected at closing ("Fees"). Such amount due from Borrower(s) may also be off-set by Lender from any funds held by Lender, for Borrower's benefit, after loan pay-off. Borrower(s) further agrees that if funds are collected by Lender at closing to pay any outstanding Escrow items for (a) taxes and assessments; (b) hazard or property insurance premiums; (c) leasehold payments or ground rents on the property; (d) flood insurance premiums; or (e) mortgage insurance premiums, and if those Escrow items have been or are paid by Lender from Borrower's old escrow account, then Lender may retain those funds to reimburse Lender for any shortage in Borrower's old escrow account that results from such payment

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender, (including assignees and persons acting on behalf of the Lender) or Settlement Agent, and shall be *prima facie* evidence of the necessity for same. A written statement addressed to Borrower(s) at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for the Documents

**FAILURE TO DELIVER DOCUMENTS CAN CONSTITUTE DEFAULT:** If the Loan is to be guaranteed by the Department of Veterans Affairs ("VA") or insured by the Federal Housing Administration ("FHA"), Borrower(s) failure or refusal to comply with the terms of the correction request may constitute a default under the note and/or deed of trust, and may give Lender the option of declaring all sums secured by the loan documents immediately due and payable. If applicable, Borrower(s) further acknowledges that Lender estimated the amount of the one-time FHA Mortgage Insurance Premium (MIP) or VA Funding Fee at the time the loan was made. Borrower(s) hereby agrees and consents that Lender has the right to apply to the debt any amount held by the Lender in excess of the actual MIP or VA Funding Fee, as an offset against the debt.

**BORROWER LIABILITY:** If Borrower(s) fails or refuses to execute, acknowledge, initial and deliver the Documents or pay the Fees to Lender more than ten (10) days after being requested to do so by Lender, and understanding that Lender is relying on these representations, Borrower(s) agree(s) to be liable for any and all loss or damage which Lender reasonably sustains thereby, including but not limited to all reasonable attorney's fees and costs incurred by Lender.

**RETURNED PAYMENTS:** The Borrower understands and agrees that for the life of the loan, Borrower will be charged a fee for each transaction that results in nonpayment from Borrower's financial institution account. The maximum amount that Borrower will be charged is that legally permitted in the state the property associated with this loan is located, unless otherwise expressly limited or prohibited by law.

This agreement shall survive the closing of the Loan, and inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devisees, personal representatives, successors and assigns of Borrower(s).

EVELYN GALINDO                                                    (Borrower)

ARMANDO GALINDO                                                  (Borrower)

MANUELA GALINDO                                                  (Borrower)

                                                                 (Borrower)

* Document Correction and Fees Due Agreement
2C040-US (02/07)(d/l)



EXHIBIT 2

Prepared by: DENISE HORSTON

# NEW LOAN PAYMENT FORM

Loan Number

Lender:
Countrywide Bank, FSB

Payee:

Payment Address:
P.O. Box 10219, Van Nuys, CA 91410-0219

Name of Mortgagor
EVELYN GALINDO

Property Address
13314 DITTMAR DR, WHITTIER, CA 90602-____

Mailing Address
654 S MCDONELL AVE, COMMERCE, CA 90022

| Date of Loan 09/10/2007 | Next Pymt No. | Late Charge Rate Code | Principal Balance 76,500.00 |
|---|---|---|---|
| Maturity Date 10/01/2017 | Acquisition Type | First Dist. Type | Loan Amount 76,500.00 |
| Term 120mo | Loan Type CONV | Region Number | Interest Rate 8.500% |

Your first monthly payment will be due on    NOVEMBER 01, 2007  . All payments are due on or before the
1st           day of each month.

Estimated Monthly Payment:

| | | |
|---|---|---|
| Principal and Interest | $ | 541.88 |
| 1/12 Annual Taxes - City/County | $ | N/A |
| City | $ | N/A |
| County | $ | 0.00 |
| 1/12 Annual Assessments | $ | N/A |
| 1/12 Hazard Insurance | $ | N/A |
| 1/12 Annual PMI/MIP Premium | $ | N/A |
| 1/12 Flood Insurance | $ | N/A |
| | $ | N/A |
| | $ | N/A |
| | $ | N/A |
| Total Payment | $ | 541.88 |
| Interest Credit | $ | N/A  All Payments thereafter  N/A |
| Total Amount of First Payment Only | $ | 541.88  (Add back interest credit) |

NOTE TO SETTLEMENT AGENT:
Please complete this form and send two (2) copies
with closed loan documents to the Lender; and give
two (2) copies to Mortgagor at closing.

### NOTICE TO BORROWER
In the event you do not receive your payment coupon booklet prior to your first payment due date, please
remit your payment with this new loan payment form to:
P.O. Box 10219, Van Nuys, CA 91410-0219

Borrower  EVELYN GALINDO                                 Date  9/10/07

Borrower  ARMANDO GALINDO                                Date  9/10/07

Borrower  MANUELA GALINDO                                Date  9/10/07

Borrower                                                 Date

324 (0000)  CKL (06/06)(d)                                     6/03

* 23991 *

**EXHIBIT 2**

Prepared by: DENISE HOUSTON

Countrywide Bank, FSB

DATE:        09/10/2007
BORROWER: EVELYN GALINDO
CASE #:
LOAN #:
PROPERTY ADDRESS: 13314 DITTMAR DR
                 WHITTIER, CA 90602-____

Branch #: 0001271
70 S LAKE ST, SUITE 800
PASADENA, CA 91101
Phone: (626)304-8700
Br Fax No.: (626)432-5015

## APPLICATION FEE DISCLOSURE - CALIFORNIA

The following fees will be charged in connection with your mortgage loan application:

$ _____ N/A credit report fee

$ _____ N/A appraisal fee

$ _____ N/A application fee

The following procedures will apply to these fees:

If your loan does not close, we will retain a sufficient amount to cover the cost of actual expenses incurred and refund any excess.

If the fee charged to the lender by the provider of the credit report or appraisal service is less than the amount you have paid, the balance over that amount will be refunded to you at or prior to closing (settlement)

If the fee you have paid is insufficient to cover the fee charged to the lender by the provider of the credit report or appraisal, the difference will be collected from you at closing (settlement)

The application fee is a non-refundable fee to defray initial general expenses incurred in processing your loan application.

Acceptance by the lender of your application for a mortgage loan does not guarantee approval of the loan application or acceptance into a particular loan program.

By signing below, you acknowledge receipt of a copy of this disclosure.

_____     9/10/07
Applicant EVELYN GALINDO                        Date

_____     9/10/07
Applicant ALFANDO GALINDO                       Date

_____     9/10/07
Applicant MANUELA GALINDO                        Date

_____     _____
Applicant                                       Date

If this disclosure has been provided to you by mail, please sign and return one copy to the lender

• Application Fee Disclosure-CA
2C685-CA (03/07)(d/i)                Page 1 of 1





**EXHIBIT 2**

Prepared by: DENISE HOUSTON

**Countrywide Bank, FSB.**

DATE:         09/10/2007
BORROWER:  EVELYN GALINDO
CASE #:
LOAN #:
PROPERTY ADDRESS   15511 DITTMAR DR
                   WHITTIER, CA 90602-____

Branch #: 0001271
70 S LAKE ST, SUITE 800
PASADENA, CA 91101
Phone: (626)304-8700
Br Fax No : (626)432-6015

## DISCLOSURE STATEMENT ABOUT MERS

Mortgage Electronic Registration Systems, Inc. (MERS) is named on your mortgage as the mortgagee in a nominee capacity for
Countrywide Bank, FSB.
(Lender)  MERS is a company separate from your lender that operates an electronic tracking system for mortgage rights   MERS is not your lender; it is a company that provides an alternative means of registering the mortgage lien in the public records.  MERS maintains a database of all the loans registered with it, including the name of the lender on each loan.  Your lender has elected to name MERS as the mortgagee in a nominee capacity and record the mortgage in the public land records to protect its lien against your property

**Naming MERS as the mortgagee and registering the mortgage on the MERS electronic tracking system does not affect your obligation to your Lender, under the Promissory Note.**

● MERS Disclosure Statement
1D542-US (09/06)(d/i)

**EXHIBIT 2**